**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TIM VIRGA, Warden<br><br>　　　　Respondent.<br>_____/ | 1:10-cv-01394-LJO-SMS (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on August 4, 2010. Petitioner is challenging a conviction arising out of the Fresno County Superior Court for carjacking, assault with a firearm, kidnapping to commit carjacking, and kidnapping to commit robbery.

　　　　As Petitioner acknowledges he has previously filed a petition for writ of habeas corpus in this Court, in case number 1:99-cv-5748 OWW DLB HC, <u>Foster v. Garcia</u>, which was denied on the merits and judgment was entered in favor of Respondent on January 19, 2007. Petitioner filed a notice of appeal on February 5, 2007, and the Ninth Circuit Court of Appeals denied a certificate of appealability on September 13, 2007.

///

///

1

**DISCUSSION**

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

1       The prior petition in 1:09-cv-05748 OWW DLB HC was denied on the merits.  Although
2 a dismissal based on the statute of limitations does not include an examination of the merits of
3 the petition, it nonetheless operates and is equivalent to a final judgment on the merits.  See e.g.
4 Ellingson v. Burlington Northern Inc., 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("[a] judgment
5 based on the statute of limitations is 'on the merits', citing Mathis v. Laird, 457 F.2d 926, 927 5th
6 Cir. 1972), cert. denied, 409 U.S. 871 (1972)); In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999)
7 (explaining that "for res judicata purposes a dismissal on statute of limitations grounds can be
8 treated as a dismissal on the merits.")  A dismissal based on untimeliness under the statute of
9 limitations bars further review of the action.  Therefore, because the prior petition was
10 adjudicated "on the merits", the instant petition is a "second or successive petition" under §
11 2244(b).
12       Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to
13 file his successive petition attacking the conviction.  That being so, this Court has no jurisdiction
14 to consider Petitioner's renewed application for relief from that conviction under § 2254 and must
15 dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner
16 desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do
17 so with the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244 (b)(3).

### RECOMMENDATION

19       Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas
20 corpus be DISMISSED, without prejudice, as a successive petition.
21       These Findings and Recommendations are submitted to the assigned United States
22 District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304
23 of the Local Rules of Practice for the United States District Court, Eastern District of California.
24 Within thirty (30) days after being served with a copy, any party may file written objections with
25 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
26 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
27 and filed within ten (10) court days (plus three days if served by mail) after service of the
28 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 10, 2010**                                  /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE