# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER, | 1:10-cv-01394-OWW-SMS (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST FOR RECUSAL OF MAGISTRATE JUDGE SANDRA M. SNYDER |
| v. | |
| TIM VIRGA, Warden | [Doc. 16] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 10, 2010, Magistrate Judge issued Findings and Recommendation to dismiss the instant petition without prejudice as a successive petition.  Petitioner filed objections to the Findings and Recommendation on August 30, 2010.  In addition, on October 6, 2010, Petitioner filed a motion requesting recusal of Magistrate Judge Sandra M. Snyder.

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990).  "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)).  "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir.

1

1  2004) (quoting <u>Liteky v. United States</u>, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). "'In and of
2  themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in
3  the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no
4  extrajudicial source is involved.'" <u>Id</u>.

5       Plaintiff's motion for recusal is based primarily on his disagreement with Judge Snyder's
6  prior rulings in other civil rights cases Petitioner has filed in this Court.  Although Petitioner
7  alleges that Judge Snyder is "biased" against African-American individuals and prisoner litigants,
8  he provides no basis whatsoever to support his claim and his claim stems solely from previous
9  rulings other cases.  Plaintiff's disagreement with the Court's rulings is not a legitimate ground
10 for seeking recusal, and Plaintiff's motion is DENIED.

11 IT IS SO ORDERED.

12 **Dated:   October 15, 2010**         <u>/s/ **Oliver W. Wanger**</u>
                                              UNITED STATES DISTRICT JUDGE